UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SHERIF ABDOU,

                Plaintiff,

  -against-                          **ORDER**
                                        05-CV-3946 (JG) (KAM)
EMMANUEL GURRIERI *et al.*,

                Defendants.
----------------------------------X

**KIYO A. MATSUMOTO, United States Magistrate Judge:**

      On July 6, 2006, the Court ordered that, "[b]y 7/21/06, plaintiff may submit a memorandum regarding [defendants' Interrogatories 14 and 15], and defendant[s] may submit a reply by 7/28/06." The parties have submitted their memoranda (Doc. Nos. 29-31) and raise two issues: (1) whether plaintiff is required to disclose to defendant information regarding his earnings for the relevant time period and (2) whether plaintiff should be required to respond to defendants' interrogatories 14 and 15., which seek the following:

> 14. Index number and court where plaintiff appeared on claims by his former wife [Tagrid Mohamed] (based upon testimony that plaintiff was not allowed to enter the building and refused to pay rent for period when ex-wife was using the apartment);
>
> 15. Authorization permitting defendant to obtain court file for proceedings resulting in plaintiff [being] prohibited from entering apartment (authorization required since documents are not released if they are family court matter, relevant due to possible convictions, hearing determinations and residency issues).

(Doc. No. 24, Letter from Timothy J. Dunn, III, Esq., dated June

-1-

29, 2006, at 3.)

### A. *Information regarding plaintiff's earnings*

By order dated on July 6, 2006, the Court ordered that plaintiff "provide [defendant] information regarding his earnings for the relevant time period." However, given that plaintiff has withdrawn his claims for loss of wages and loss of income, the Court vacates that portion of its prior order and orders that plaintiff need not provide information regarding his earnings or payroll records.

Defendants claim that earnings and payroll information is relevant to "establish the nature of his alleged medical care and . . . [plaintiff's] need to attend 'unwarranted' court dates [in Housing Court]." (See Doc. No. 30, Letter from Timothy J. Dunn, III, Esq., dated July 28, 2006, at 5.) Information regarding plaintiff's appearances in Housing Court is already within defendants' possession. Moreover, information regarding plaintiff's medical care and Housing Court dates also may be ascertained from plaintiff's medical records or Housing Court records. Therefore, plaintiff need not provide earnings information to defendants.

***B. Interrogatories 14 and 15***

The Court finds that the information sought by defendants' Interrogatory 14 is likely to lead to the discovery of relevant evidence regarding the date that plaintiff and his former wife, Tagrid Mohamed, were living together at the subject premises and the date of their divorce (which date plaintiff could not recall during his deposition testimony), as well as the dates that Ms. Mohamed resided in, and plaintiff was obligated to pay rent for, the subject apartment building. An authorization for defendants to obtain a copy of the temporary order of protection that prohibited plaintiff from residing with Ms. Mohamed, as sought by Interrogatory No. 15, is likely to lead to the discovery of relevant evidence regarding, *inter alia*, plaintiff's allegations that defendants engaged in racial and religious housing discrimination against individuals of the Islamic faith and of Arabic descent, and regarding the time period during which plaintiff was purportedly prohibited from living with Ms. Mohamed in the subject apartment building.

Further, the Court finds that the relevance of the information sought by Interrogatory No. 14, and Interrogatory No. 15 to the extent it requests an authorization for defendants to obtain a copy of the temporary order of protection, outweighs plaintiff's claimed privacy interests under N.Y.C.P.L. § 160.50. See King v. Conde, 121 F.R.D. 180, 187-88 (E.D.N.Y. 1988)

(holding that federal rather than state law should "determine what evidence is discoverable in cases brought pursuant to federal statutes . . . [and] 'ordinarily the overriding policy is one of disclosure of relevant information in the interest of promoting the search for truth in a federal question case.'") (quoting <u>Burke v. New York City Police Dep't</u>, 115 F.R.D. 220, 225 (S.D.N.Y. 1987)). However, the Court finds that defendants have not demonstrated a need for the entire court file relating to the Family Court proceedings underlying the temporary order of protection. Defendants' assertion that the file is necessary for them to obtain contact information for Ms. Mohamed is meritless, because defendants already requested that information from plaintiff in their Interrogatory No. 19.

Accordingly, to the extent that plaintiff has not already done so, no later than August 25, 2006, plaintiff shall provide all last known residence and business addresses, telephone numbers and employment information for Ms. Mohamed. (<u>See</u> Doc. No. 30, Letter from Timothy Dunn III, Esq., dated July 28, 2006.) By August 29, 2006, plaintiff shall provide the index numbers and courts, as requested in defendants' Interrogatory No. 14. With respect to Interrogatory No. 15, plaintiff shall provide, no later than August 29, 2006, an authorization for defendants to obtain a copy of the temporary order of protection

issued against plaintiff at the request of Ms. Mohamed.[1]

Plaintiff need not provide an authorization for defendants to obtain the entire court file for the underlying Family Court proceeding.

**SO ORDERED.**
Dated:    August 22, 2006
          Brooklyn, New York

                                         /s/
                              **Kiyo A. Matsumoto**
                              United States Magistrate Judge
                              Eastern District of New York

---

[1] Alternatively, in responding to Interrogatory No. 15, in lieu of providing an authorization to defendants so that they may obtain a copy of the temporary order of protection, plaintiff may produce a certified copy of the temporary order of protection.