UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------X
SHERIF ABDOU,

                Plaintiff,

  -against-                           MEMORANDUM & ORDER
                                         05-CV-3946 (JG)(KAM)
EMMANUEL GURRIERI and MARIE
GURRIERI,

                Defendants.
----------------------------------X

MATSUMOTO, United States Magistrate Judge:

       In this housing discrimination action brought pursuant to, *inter alia*, 42 U.S.C. § 1981, plaintiff Sherif Abdou moves for orders to compel: (1) defendants to execute Federal Bureau of Investigation ("FBI") Privacy Waivers and Certification of Identity Forms; and (2) compliance by the FBI, which is not a party to this action, with two subpoenas served by plaintiff. Plaintiff's first subpoena to the FBI sought the production of "[a]ll documents and records in your possession, custody and/or control concerning any investigation by the FBI and/or Joint Terrorism Task Force ["JTTF"] during 2004-2005 concerning Sherif Abdou, including but not limited to interview notes, correspondence, surveillance materials, warrants, subpoenas and court filings and/or orders" (hereinafter referred to as the "subpoena for documents"); the other commanded Detective Anthony Quagliariello, of the JTTF, to appear for a deposition, in

-1-

addition to providing the documents described above (hereinafter referred to as the "subpoena for testimony"). (See Doc. No. 33, Letter from Todd A. Krichmar, Esq., dated Aug. 25, 2006 ("Krichmar Letter"); Doc. No. 34-2, Subpoena for documents and Subpoena for testimony, Ex. A to Doc. No. 34, Letter from Orelia E. Merchant, Esq., dated Sept. 1, 2006 ("Merchant Letter").)[1]

With the subpoenas to the FBI, plaintiff served a privacy waiver executed by plaintiff, but could not provide privacy waivers executed by defendants. (See Doc. No. 34-2, Privacy Waiver and Certification of Identity, Ex. A to Merchant Letter.) Plaintiff asserts that defendants' counsel has advised him that defendants will not sign privacy waivers unless directed to do so by the Court. (Krichmar Letter, at 2.)

In compliance with the Department of Justice's ("DOJ") Touhy regulations, plaintiff affirmed that he sought the deposition testimony of Detective Quagliariello "in order to discover what Mr. Gurrieri alleged against me, the substance of all interviews with me and any other individuals with whom FBI and/or JTTF agents spoke in connection with the resulting investigation, and the conclusion from the investigation." (Doc.

---

[1] By order dated July 24, 2006, the Court denied, without prejudice, a prior motion by plaintiff to compel the FBI to comply with the subpoenas for documents and testimony, on the ground that plaintiff failed to comply with the DOJ's "Touhy regulations," 28 C.F.R. §§ 16.21 *et seq*. See Touhy v. Ragen, 340 U.S. 462 (1951).

No. 34-2, Affidavit of Sherif Abdou, Ex. A to Merchant Letter, at 7, ¶ 7.)

On August 21, 2006, the FBI produced documents responsive to the subpoena for documents, with redactions to exclude information that, according to the FBI, is protected by the confidential informant privilege ("only to the extent that the FBI has withheld the identity of informants whose identities have not previously been disclosed in the public domain"), the investigatory files privilege, and the law enforcement privilege. (See Doc. No. 34-2, DOJ's Response to Subpoena for Documents, Ex. B to Merchant Letter; Merchant Letter, at 2.)

## DISCUSSION

**A.   Plaintiff's Motion to Compel Execution of Privacy Waivers**

The Court first considers plaintiff's motion to compel defendants to execute and return to plaintiff's counsel FBI Privacy Waiver and Certification of Identity Forms.  Defendants have not opposed plaintiff's motion and, as noted above, their counsel has advised plaintiff's counsel that they will execute the waivers if ordered to do so by the Court.  Accordingly, defendants are ordered to execute and return to plaintiff's counsel FBI Privacy Waiver and Certification of Identity Forms no later than October 2, 2006.

**B.   Plaintiff's Motion to Compel Compliance With Subpoenas**

The Court next addresses the plaintiff's motion to compel the FBI to comply with his subpoenas by disclosing the redacted portions of the documents already produced, and by producing Detective Quagliariello for a deposition.  (Krichmar Letter, at 1.)  The FBI opposes plaintiff's motion on the grounds that 5 U.S.C. § 301, Touhy, and DOJ's Touhy regulations (28 C.F.R. §§ 16.21 *et seq.*)[2] protect both the redacted portions of the documents produced by the FBI, and the testimony of Detective Quagliariello.  The FBI claims that sovereign immunity "applies to proceedings seeking to enforce non-party subpoenas against federal agencies or employees."  (Merchant Letter, at 5-6 (citations omitted).)  The FBI further asserts that the Court lacks jurisdiction to enforce a subpoena seeking the deposition testimony of Detective Quagliariello, because the Touhy regulations forbid an employee from testifying when instructed by the FBI not to do so.  (Id. at 5.)  The FBI also invokes the investigatory files privilege, the confidential informant privilege ("only to the extent . . . that the FBI has withheld the identity of informants whose identities have not previously been disclosed in the public domain"), and the law

---

[2] In Touhy v. Ragen, 340 U.S. 462 (1951), the Supreme Court upheld the validity of this type of regulation, issued by the DOJ pursuant to 5 U.S.C. § 301.

enforcement privilege.  (See Merchant Ltr. at 2.)  The FBI thus requests that the plaintiff's motion to compel be denied and that the subpoena for testimony of Detective Quagliariello be quashed. (Id. at 1.)

The Court has reviewed the parties' submissions and the redacted version of the FBI's response to plaintiff's subpoena for documents and, for the reasons set forth below, grants in part and denies in part plaintiff's motion to compel production of un-redacted documents and denies plaintiff's motion to compel the deposition testimony of Detective Quagliariello.

Pursuant to 28 C.F.R. § 16.26, the DOJ is justified in refusing to respond to a subpoena to the extent that the subpoena seeks information that would disclose the identity of a confidential informant, unless the investigative agency and the

source or informant have no objection.  28 C.F.R. § 16.26(b)(4).[3]
The FBI produced redacted documents, excluding "material that is protected by the confidential informant privilege (only to the extent that the FBI has withheld the identity of informants whose identities have not previously been disclosed in the public domain)."  (Merchant Letter, at 2.)  The FBI asserts that plaintiff provides no evidence in support of his assertion that "it is a matter of public record that [defendant] Mr. Gurrieri contacted the FBI about plaintiff," noting that defendants admit in their answer that defendant Emmanuel Gurrieri "had communication with the FBI," but that defendants do not state that Mr. Gurrieri filed a complaint against plaintiff.  (See Doc.

---

[3] Subsections b(4) and (5) of section 16.26 of Title 28 of the Code of Federal Regulations provide, in relevant part:

> Among the demands in response to which disclosure will not be made by any [DOJ] official are those demands with respect to which any of the following factors exist:
>
> . . .
>
> (4) Disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection,
>
> (5) Disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired . . . .

28 C.F.R § 16.26(b)(4) and (5).

No. 10, Answer, ¶ 8.)  Plaintiff notes, however, that Mr. Gurrieri testified at his deposition about what he reported to the FBI.  (Krichmar Letter, at 4.)  Thus, it is in the public record that defendant Gurrieri had contact with and provided information to the FBI and plaintiff is entitled to discover material related to such contacts.  Accordingly, the FBI is ordered to produce any information previously redacted, to the extent it relates to or was obtained from defendants.  Upon the defendants' execution of the FBI Privacy Waiver and Certification of Identity forms, the forms shall be forwarded to plaintiff's counsel, who, in turn, shall provide the forms to the FBI.

The FBI asserts that any remaining redactions are protected by the Touhy regulations, as well as the investigatory files and law enforcement privileges, because "such information would reveal how the FBI follows up on confidential lead and the tools, techniques and procedures utilized in such an investigation."  (Merchant Letter, at 5.)  The Court agrees that those privileges as well as 28 C.F.R. § 16.26(b)(4) and (5) protect sources (other than defendants), FBI reference numbers, case identification numbers, review and approval chain of command names, information regarding precedence and priority of the investigation, lead information and process and timing of the investigation because the information was compiled for investigation and law enforcement purposes.  Accordingly, except

as provided with respect to information regarding or obtained from the defendants, the FBI need not provide plaintiff with unredacted versions of the documents, to the extent the redactions include the foregoing items.

Plaintiff's motion to compel the testimony of Detective Quagliariello is also denied, because the DOJ has not authorized his testimony. Pursuant to the DOJ's Touhy regulation:

> In any federal or state case or matter in which the United States is not a party, no employee or former employee of the Department of Justice shall, in response to a demand, produce any material contained in the files of the Department, or disclose any information relating to or based upon material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of that person's official duties or because of that person's official status without prior approval of the proper Department official.

28 C.F.R. § 16.22(a).

The FBI argues that the doctrine of sovereign immunity divests this Court of the power to compel a government agency or official to comply with the subpoena for testimony. The government correctly contends that "[a]bsent a waiver of sovereign immunity, a federal agency, as representative of the sovereign, cannot be 'compel[led] . . . to act.'" In re S.E.C. ex rel. Glotzer, 374 F.3d 184, 190 (2d Cir. 2004) ("Glotzer") (quoting United States Environmental Protection Agency v. General Electric Co., 197 F.3d 592, 597 (2d Cir. 1999) ("EPA v. GE I"), modified in part, 212 F.3d 689 (2d Cir. 2000) ("EPA v. GE II")).

In enacting the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 703 *et seq.*, however, Congress waived sovereign immunity with respect to those "action[s] in a court of the United States" which seek review of "agency action." In EPA v. GE I, the Second Circuit held that "a motion to compel agency compliance with a subpoena qualifie[s] as an 'action' seeking review of 'agency action' for purposes of APA § 702, and, therefore, . . . a federal court's consideration of such a motion [does] not violate sovereign immunity." Glotzer, 374 F.3d at 190 (citing and upholding EPA v. GE I, 197 F.3d at 599).[4]

Pursuant to the APA, only "final agency actions" are reviewable. See 4 U.S.C. § 704. Here, the DOJ's refusal to permit Detective Quagliariello to testify constitutes a final agency action. See Yousuf v. Samantar, 451 F.3d 248, 251 (D.C. Cir. 2006); Fischer v. Cirrus Design Corp., 2005 WL 3159658, at *4-5 (N.D.N.Y. Nov. 23, 2005).

---

[4] The Court notes that the cases upon which the government relies are inapposite to the instant case. All of the cases cited by the FBI were removed from state to federal court, and stand for the proposition that the doctrine of sovereign immunity divests the *state court*, and thus a federal court which gained limited jurisdiction upon removal, of the power to compel a federal official to testify in a civil action in which the government is not a named party. (See Merchant Letter, at 6.) See, e.g., Boron Oil Co. v. Downie, 873 F.2d 67, 69 (4th Cir. 1989); Swett v. Schenk, 792 F.2d 1447 (9th Cir. 1986); Codd v. Saks Fifth Ave., 1998 WL 744025, at *1 (S.D.N.Y. Oct. 26, 1998). In contrast, here, the underlying litigation is predicated on a federal civil rights statute and the federal district court has jurisdiction pursuant to 28 U.S.C. § 1331.

The Second Circuit has not decided which standard of review applies in determining whether a federal agency has properly refused to comply with a subpoena: the arbitrary and capricious standard of the APA, 5 U.S.C. § 706(2)(A), or the standard set forth in Rule 45 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 45(c) ("[T]he court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or waiver applies, or . . . subjects a person to undue burden."). See EPA v. GE II, 212 F.3d 689 (modifying EPA v. GE I and specifically declining to resolve whether the standard contained in the APA § 706 or the standard contained in Fed. R. Civ. P. 45 should govern review of the agency's refusal to comply); Fischer v. Cirrus Design Corp., 2005 WL 3159658, at *4 (N.D.N.Y. Nov. 23, 2005) ("The question of the appropriate standard to be applied under the APA in a case of this nature is at least modestly controversial.").

The Court finds that, under either standard, the subpoena for testimony should be quashed. Applying the APA standard of review, the FBI's determination not to produce Detective Quagliariello to testify was not arbitrary and capricious because the FBI was acting pursuant to valid regulations. Further, under Fed. R. Civ. P. 45, the FBI has established that the information sought by plaintiff's subpoena

for testimony is protected not only by the applicable regulations, but also by the "qualified common-law privilege . . . for law enforcement investigatory files" and the confidential informant privilege, (Merchant Letter, at 7), because the nature of the requested documents and testimony is "likely to reveal . . . obviously privileged matter." Friedman v. Bache Halsey Stuart Shields, Inc., 738 F.2d 1336, 1342 (D.C. Cir. 1984) (quoting Kerr v. United States Dist. Ct. for N. Dist. of Cal., 511 F.2d 192, 198 (9th Cir.1975)) (remaining citations omitted); see also Newell v. City of New York, 2003 WL 21361737, at *2-3 (S.D.N.Y. June 12, 2003) (discussing the "informer's privilege").

Moreover, the government's interests outweigh the plaintiff's need for Detective Quagliariello's testimony. See Friedman, 738 F.2d at 1341 (Due to the qualified nature of the privilege, "when the existence of [the] privilege is established, there is a need to balance the public interest in nondisclosure against the need of the particular litigant for access to the privileged information."). Insofar as plaintiff seeks to depose detective Quagliariello regarding the Detective's interview with plaintiff, plaintiff has the information he seeks. To the extent plaintiff seeks to discover whether defendant filed any complaints with the FBI or spoke to the FBI, plaintiff could have posed this and other related questions to defendant at defendant's deposition. In addition, as provided in this order,

the FBI will produce the un-redacted portions of documents relating to information provided by or relating to the defendants.

In sum, plaintiff's motion to compel is denied, except to the extent that the redacted materials refer to defendants. Defendants shall execute and return to plaintiff's counsel FBI Privacy Waiver and Certification of Identity Forms no later than October 2, 2006, and the FBI shall produce documents responsive to plaintiff's subpoena for documents, with un-redacted information, by October 16, 2006. The motion to compel compliance with the subpoena for the testimony of Detective Quagliariello is denied.

**SO ORDERED.**
Dated: September 25, 2006
       Brooklyn, NY

                                    _____/s/_____
                                    **Kiyo A. Matsumoto**
                                    United States Magistrate Judge